**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEAVEN A. McCORKLE,                      ) | NO. CV 04-10294-E |
|                          ) | |
|           Plaintiff,     ) | |
|                          ) | |
|      v.                  ) | **MEMORANDUM OPINION** |
|                          ) | |
| JO ANNE B. BARNHART, COMMISSIONER  ) | |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
|                          ) | |
|           Defendant.     ) | |
| _____) | |

**PROCEEDINGS**

Plaintiff filed a complaint on December 28, 2004, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on February 7, 2004.

Plaintiff filed a "Motion for Summary Judgment" on July 20, 2005. Defendant filed a "Cross-Motion for Summary Judgment" on September 22, 2005. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed January 7, 2005.

**BACKGROUND**

Plaintiff, a minor child, seeks disability benefits based on asthma (Administrative Record ("A.R.") 48-52, 236-49). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff's mother (A.R. 17-251). The ALJ found Plaintiff's asthma severe, but denied benefits (A.R. 17-25). The Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v.

2

1 Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.
2 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

Plaintiff is entitled to benefits only if her impairment "meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d). A claimant has the burden of proving a disability based on a listing. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Wright v. Shalala, 1994 WL 160136 *6 (N.D. Ala. Jan. 31, 1994). Plaintiff argues she meets and/or equals asthma Listing 103.03(B).[1/] To meet or medically equal Listing 103.03(B), Plaintiff must prove four essential elements:

> First, the attacks must occur "in spite of prescribed treatment." Second, each cited incident must require physician intervention and meet the definition of attack, which requires "prolonged symptomatic episodes <u>lasting one or more days</u> and <u>requiring intensive treatment</u>, such as intravenous bronchodilator or antibiotic administration or prolonged inhalation bronchodilator therapy <u>in a hospital, emergency room or equivalent setting</u>." Third, the qualifying attacks must occur with adequate frequency – "<u>at

---

[1/] Plaintiff does not appear to argue that Plaintiff's impairments "functionally" equal a listed impairment. The record reveals no basis for disturbing the ALJ's finding on this issue.

3

1 <u>least once every two months or at least six times a year</u>."
2 Finally, there must be documentation of "baseline airflow
3 obstruction" between attacks. <u>Lozano ex rel. Lozano v.</u>
4 <u>Apfel</u>, 2000 WL 1738401 *5 (S.D.N.Y. Nov. 22, 2000)
5 (citations omitted; emphasis added).

7 Substantial evidence supports the administrative determination
8 that Plaintiff's severe asthma does not meet, medically equal, or
9 functionally equal Listing 103.03(B). A non-examining physician so
10 opined (A.R. 89-94). Where the opinions of non-examining physician
11 do not contradict "all other evidence in the record," the
12 Administration properly may rely upon such opinions. See <u>Andrews v.</u>
13 <u>Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995); <u>Curry v. Sullivan</u>, 925
14 F.2d 1127, 1130 n.2 (9th Cir. 1991). Here, the record evidence did
15 not contradict the opinions of the non-examining physician.

17 Neither Plaintiff's treatment records, nor the testimony of
18 Plaintiff's mother, sufficed to carry Plaintiff's burden of
19 demonstrating that Plaintiff had sufficiently frequent asthma attacks
20 of sufficient duration which required "intensive treatment such as
21 intravenous bronchodilator or antibiotic administration or prolonged
22 inhalational brochodilator therapy in a hospital emergency room or
23 equivalent setting." In particular, although the medical records
24 reflect frequent emergency room visits, the records do not
25 demonstrate the requisite duration of the attacks. Indeed, one
26 progress note indicates "episodes last approximately five minutes
27 then [symptoms] resolve" (A.R. 117). Moreover, emergency room
28 records sometimes refer to Plaintiff's attacks as "non-urgent" and

4

describe a child seemingly not in need of the "intensive treatment" contemplated by the Listing (See e.g., A.R. 142, 195). Finally, records between attacks do not appear to "document the presence of baseline airflow obstruction." See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 300(c).

At the hearing before the ALJ, Plaintiff's counsel suggested that Plaintiff's "in-home care with the nebulizer . . . could, I guess, be analagous to an emergency room visit" (A.R. 249). Case law, as well as a plain reading of the applicable regulations, reject the analogy. See, e.g., Olds v. Chater, 1996 WL 697935 *6 (N.D. Ind. Nov. 1, 1996) (and authorities cited therein); accord Morell ex. rel. Morell v. Apfel, 1999 WL 813464 *10 (S.D.N.Y. Oct. 12, 1999).

Plaintiff argues that the ALJ impermissibly ignored the testimony of Plaintiff's mother. In fact, the ALJ characterized the mother's testimony as "essentially credible" but correctly observed that the testimony "does not support a finding that the claimant is disabled" (A.R. 24). See generally Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (where the evidence "admits more than one rational interpretation," the Court must uphold the Administrative decision).

///
///
///
///
///
///

**CONCLUSION**

The Administration's findings are supported by substantial evidence and are free from material legal error. Therefore, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 3, 2005.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE